# STATE OF LOUISIANA

## COURT OF APPEAL, FIRST CIRCUIT

RANDY OWENS AND CHARLOTTE
OWENS, HUSBAND AND WIFE

VERSUS

K & K INSURANCE GROUP, INC.
AND SLIDELL BANTAM BASEBALL
ASSOCIATION

NO.   2025 CW 0913

**NOVEMBER 26, 2025**

---

In Re:    Slidell Bantam Baseball Association, Michael Blakeman,
Jacob Blakeman, and Nationwide Mutual Insurance Company,
applying for supervisory writs, 19th Judicial District
Court, Parish of East Baton Rouge, No. 712512.

---

BEFORE:   McCLENDON, C.J., GREENE AND  STROMBERG, JJ.

**WRIT GRANTED IN PART; DENIED IN PART.** The portions of the
district court's July 14, 2025 judgment, which overruled
defendants', Slidell Bantam Baseball Association, Michael
Blakeman, Jacob Blakeman, and Nationwide Mutual Insurance
Company's, evidentiary objections to Paragraphs 8 and 17 of the
Affidavit of Rebecca Barnette and objection to the sur-reply, are
reversed. La. Code Civ. P. art. 966 does not provide for the filing
of a sur-reply, and therefore defendants' objection to the sur-
reply is sustained. Additionally, La. Code Civ. P. art. 967(A)
provides that "[s]upporting and opposing affidavits shall be made
on personal knowledge, shall set forth such facts as would be
admissible in evidence, and shall show affirmatively that the
affiant is competent to testify to the matters stated therein."
See **Thomas v. Comfort Ctr. of Monroe, LA, Inc.**, 2010-0494 (La.
App. 1st Cir. 10/29/10), 48 So.3d 1228, 1236.   Portions of
affidavits not based on the personal knowledge of the affiant
should not be considered by the trial court in deciding a motion
for summary judgment. **Id.** We find the paragraphs referenced herein
contain inadmissible hearsay testimony, and are not based on the
personal knowledge of affiant, and the evidentiary objections are
sustained. Nevertheless, even excluding this evidence, we find no
error in the denial of the motion for summary judgment filed by
defendants, and in all other respects, this writ application is
denied.

**PMc**
**HG**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT